**UNITED  STATES  DISTRICT  COURT**

**FOR  THE  EASTERN  DISTRICT  OF  CALIFORNIA**

| | | |
|---|---|---|
| **Edwin Tayag,** an individual, | ) | **CASE NO. S CIV 08-1775 DOC** |
| **Plaintiff(s),** | ) | |
| | ) | **O R D E R** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **Officer Hardy SHC 336,** an individual, | ) | |
| | ) | |
| **Defendant(s).** | ) | |
| | ) | |
| | ) | |
| | ) | |

_____

     Edwin Tayag ("Plaintiff") is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff's complaint does not make the showing required by 28 U.S.C. § 1915A.  Accordingly, Plaintiff's request for relief under 28 U.S.C. § 1915A is dismissed with leave to amend.

     Plaintiff has also submitted a declaration that does not meet the showing required by 28 U.S.C. § 1915(a).  Accordingly, his request to proceed in forma pauperis is denied.

**I. LEGAL STANDARD**

     Under 28 U.S.C. § 1915A, this Court must "review, before docketing... or ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

1    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On

2    review, the court [must] identify cognizable claims or dismiss... any portion of the complaint, if the

3    complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

4    seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).  This

5    Court must therefore determine whether the Complaint states a cognizable claim for relief with respect

6    to each named defendant.

7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v.*

8    *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The

9    court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

10   theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical

11   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual

12   basis.  *See Jackson v. Arizon*a, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

13        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a 'short and plain statement

14   of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

15   what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp v. Twombly*, 127 S.Ct.

16   1955, 1964 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, in order to survive a

17   dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the

18   elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief

19   above the speculative level."   *Bell Atlantic*, 127 S.Ct. at 1965.  In reviewing a complaint under this

20   standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co.*

21   *v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

22   the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421

23   (1969).

24             The Civil Rights Act under which this action was filed provides as follows:

25             Every person who, under color of [state law] ... subjects, or causes to be

26             subjected, any citizen of the United States ... to the deprivation of any

27             rights, privileges, or immunities secured by the Constitution ... shall be

28             liable to the party injured in an action at law, suit in equity, or other proper

1    proceeding for redress.

2    42 U.S.C. §1983.  The statute requires that there be an actual connection or link between the

3    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v.*

4    *Dept. of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. (1976).  "A person 'subjects'

5    another to the deprivation of a constitutional right, within the meaning of 1983, if he does an

6    affirmatives act, participates in another's affirmative acts or omits to perform an act which he is legally

7    required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d

8    740, 743 (9th Cir. 1978).

9    Moreover, supervisory personnel are generally not liable under 1983 for the actions of their

10   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

11   supervisorial position, the causal link between him and the claimed constitutional violation must be

12   specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589

13   F.2d 438, 441 (9th Cir. 1978).  Finally, vague and conclusory allegations concerning the involvement of

14   official personnel in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266,

15   268 (9th Cir. 1982).

16   **II. DISCUSSION**

17   **A. Plaintiff Does Not State a Cognizable Claim for Relief**

18   Plaintiff is currently incarcerated at North Kern State Prison in Delano, California.  His

19   complaint arises from an incident that occurred at Solano County Jail in Fairfield, California.  The

20   entirety of the facts alleged in Plaintiff's complaint are as follows:

21   On forth [*sic*] date May 6, 2008, I was arrested and placed into custody at

22   Solano County Jail while Officer Hardy SHC 336 performed a full body

23   strip search on my personal [sic], before I was brought to the court for

24   arraignment on May 8, 2008.

25   (Complaint, p. 5)

26   Plaintiff's complaint does not state a cognizable claim for relief pursuant to 42 U.S.C. § 1983

27   and 28 U.S.C. § 1915A(b).  Plaintiff does not allege what the violation was or for what cause of action

28   he is seeking relief.  Additionally, it is entirely unclear whether a constitutional violation even occurred.

1    **B. Plaintiff May Not Proceed In Forma Pauperis**

2    "A district court may deny leave to proceed [in forma pauperis] at the outset if it appears from

3    the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l*

4    *Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir.1987).  An in forma pauperis complaint is frivolous if it has

5    "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d at1228 (9th Cir.1984).

6    Plaintiff alleges that Officer Hardy SHC 336 (the "Defendant") performed a strip search on him

7    before his arraignment at Solano County Jail.  Plaintiff does not assert a violation of constitutional rights

8    and does not allege what injury he suffered as a result of the strip search.  Accordingly, because

9    Plaintiff's complaint is frivolous on its face, Plaintiff may not proceed in forma pauperis.

10    **III. DISPOSITION**

11    In accordance with the above, IT IS HEREBY ORDERED that ; (1) Plaintiff's complaint is

12    DISMISSED with leave to amend under 28 U.S.C. § 1915A; (2) Plaintiff's request for leave to proceed

13    in forma pauperis is DENIED.  Plaintiff has 30 days to amend his complaint and reapply for leave to

14    proceed in forma pauperis.

15    DATED: June 4, 2009

16

17

18    DAVID O. CARTER
       UNITED STATES DISTRICT JUDGE
19    Sitting by Designation

20

21

22

23

24

25

26

27

28